**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MARIE YATES,                                    )
                                                )
      Plaintiff,                             )
                                                )     Civil Action No. 26-02089 (UNA)
      v.                                     )
                                                )
DISTRICT OF COLUMBIA *et al.*,                  )
                                                )
                                                )
      Defendants.                            )

## <u>MEMORANDUM OPINION</u>

Plaintiff, appearing *pro se*, has filed a complaint for injunctive relief, a motion to proceed *in forma pauperis* (IFP), and a motion for a temporary restraining order (TRO).  For the following reasons, the court grants the IFP motion, denies the TRO motion, and dismisses the complaint.

Plaintiff's housing case is pending in the Superior Court of the District of Columbia.  *See Yates v. N.H.P. Foundation*, No. 2025-CAB-003982 (designating case as "open").  In both the TRO motion and instant complaint,  Plaintiff seeks "to halt and stay" a Superior Court scheduling order.  TRO Mot. ¶ 1, ECF No. 3; Compl., ECF No. 1 at 7; *see* TRO Mot. ¶ 2 ("[O]n May 29, 2026, the Associate Judge granted a 60-day continuance but explicitly set the closure date for July 24, 2026, stripping 4 critical days from Plaintiff's timeline to find counsel.").

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  A "court without jurisdiction over an underlying case cannot issue a TRO[.]"  *Barwood, Inc. v. District of Columbia*, 202 F.3d 290, 295 (D.C. Cir. 2000).

Plaintiff asserts that the events giving rise to this action occurred at her D.C. "residence and in the DC Superior Court and DC Court of Appeals." *Id* at 4. Her factual allegations and demands for relief focus entirely on the proceedings in the local courts, *see id*. at 6-7, over which this court cannot exercise jurisdiction. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (as "a trial level court in the federal judicial system," district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Chen v. Raz*, 172 F.3d 918 (D.C. Cir. 1999) (per curiam) (affirming dismissal of complaint seeking review of Superior Court's decision in probate matter for lack of subject matter jurisdiction); *see also Amiri v. Gelman Management Company*, No. 08-cv-1864, 2010 WL 11575469, at *1 (D.D.C. Feb. 18, 2010), *aff'd*, 427 F. App'x 17 (D.C. Cir. Sept. 2, 2011), citing *Younger v. Harris*, 401 U.S. 37, 45 (1971) and *JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1120-22 (D.C. Cir. 2004) (It is "well settled doctrine that federal courts should not enjoin ongoing state [or District of Columbia] [judicial] proceedings" except in extraordinary circumstances). Therefore, this case will be dismissed by separate order. Fed. R. Civ. P. 12(h)(3).

_____/s/_____
TANYA S. CHUTKAN
Date: June 17, 2026                     United States District Judge

2